**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------X
DARSHAN PUJARA and JAY THAKKAR,   Case No.

                      Plaintiffs,   **COMPLAINT**

   -against-

THAKKER BROTHERS LLC d/b/a
Desi Tasty Grill and
CHITRESH THAKKAR,

                  Defendants.
---------------------------------------------------------------X

Plaintiffs Darshan Pujara ("Pujara") and Jay Thakkar ("Thakkar") (collectively, "Plaintiffs") allege against Defendants Thakker Brothers LLC d/b/a Desi Tasty Grill ("Desi Tasty Grill" or "Restaurant") and Chitresh Thakkar ("Chitresh") (collectively, Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiffs were employed by the Defendants from approximately January 15, 2019 to December 15, 2020. Both Plaintiffs were paid solely in cash during their employment. In addition, the Plaintiffs were not paid minimum wage, and despite working in excess of forty hours per week, Plaintiffs were not paid overtime.

2. As such, Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiffs further allege, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:14-56a *et. seq.* ("NJWL") that they are entitled to recover from Defendants: (1) unpaid

minimum wage, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves a federal question regarding the deprivation of Plaintiffs' rights under the FLSA.

5. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under New Jersey state law.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Darshan Pujara ("Pujara") was and is a resident of Middlesex County, New Jersey.

9. Plaintiff Jay Thakkar ("Thakkar") was and is a resident of Middlesex County, New Jersey.

10. Defendant Thakker Brothers LLC d/b/a Desi Tasty Grill ("Desi Tasty Grill" or "Restaurant") was and is a domestic limited liability company organized under the laws of the State of New Jersey, with a principle place of business and an address for service of process located at 119 Somerset Street, New Brunswick, New Jersey 08901.

11. At all times relevant to this action, Desi Tasty Grill has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

12. Defendant Chitresh Thakkar ("Chitresh"), upon information and belief, was and is a resident of the State of New Jersey.

13. At all times relevant to this action, Chitresh was and is an Owner of Desi Tasty Grill.

14. Chitresh exercised control over the employment terms and conditions of Plaintiffs Pujara and Thakker.  Chitresh had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs.  At all times, Plaintiffs could complain to Chitresh directly regarding any of the terms of his employment, and Chitresh would have the authority to effect any changes to the quality and terms of Plaintiffs' employment. Chitresh exercised functional control over the business and financial operations of the Restaurant.

15. At all relevant times, Desi Tasty Grill was an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

16. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by the Defendants.

## FACTUAL ALLEGATIONS

17. Chitresh owns and operates Desi Tasty Grill – a restaurant in New Jersey, which primarily serve food and drinks to the public.  The Restaurant is located at 119 Somerset Street, New Brunswick NJ 08901.

18. On or about January 15, 2019, Pujara commenced employment with the Defendants.

19. Pujara was a non-exempt employee.

20. Pujara worked at Desi Tasty Grill in a number of roles, including as a cook, cashier and waiter.

21. Pujara worked for the Defendants as a cook and took orders.

22. Pujara worked for the Defendants six days per week.

23. Pujara worked for the Defendants from 11:00 a.m. to 3:00 a.m. (16 hour shift).

24. Pujara worked for the Defendants for a total of 96 hours per week.

25. The Defendants paid Pujara $450.00 per week.

26. Pujara was paid solely in cash.

27. On or about January 15, 2019, Thakkar commenced employment with the Defendants.

28. Thakkar was a non-exempt employee.

29. Thakkar worked at Desi Tasty Grill as a cook and took orders.

30. Thakkar worked for the Defendants six days per week.

31. Thakkar worked for the Defendants from 11:00 a.m. to 3:00 a.m. (16 hour shift).

32. Thakkar worked for the Defendants for a total of 96 hours per week.

33. The Defendants paid Thakkar $450.00 per week.

34. Thakkar was paid solely in cash.

35. Defendants failed to maintain time records as to Plaintiffs' hours worked.

36. Defendants failed to provide the Plaintiffs with proper wage statements for each payment they received.

37. Pujara was not paid minimum wage.

38. Thakkar was not paid minimum wage.

39. During Plaintiffs' employment with Defendants, Plaintiffs worked over forty (40) hours per week.

40. Although Plaintiffs worked over forty hours per week, Defendants never paid Plaintiffs at the required overtime premium rate.

41. During Plaintiff employment, Defendants failed to pay Plaintiffs at the required minimum wage rate.

42. During Plaintiffs employment, Defendants failed to pay Plaintiffs at the required overtime premium rate.

43. Defendants knew that the foregoing acts violated the law, and that they would economically injure Plaintiffs.

44. As a result of Defendants' conduct, Defendants are liable to Plaintiffs for unpaid minimum wage, unpaid overtime, liquidated damages, and attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

45. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

46. The FLSA requires covered employees, such as Defendants, to pay all employees their regular rate of pay for all hours worked.  Plaintiffs were not exempt from this requirement.

47. From January 15, 2019 through approximately December 15, 2020, Defendants failed to regularly pay Plaintiffs at the required minimum wage rate.

48. As a result of Defendants' failure to pay, Defendants violated the FLSA.

49. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

50. Defendants' violations of the FLSA have significantly damaged Plaintiffs and entitle them to recover the total amount of their unpaid wages, an additional amount in liquidated damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

51. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

52. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Defendants' failure to pay overtime caused Plaintiffs to suffer loss of wages and interest thereon.  Plaintiffs are entitled to recover from Defendants this unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### (NJWL – Unpaid Minimum Wage)

55. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

56. Defendants intentionally and willfully regularly failed to pay and refused to pay Plaintiffs' minimum wage, in violation of New Jersey Wage Payment Law, N.J.S.A. §

34:11-4.7, the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a)6, from approximately January 15, 2019 to December 15, 2020.

57. Defendants' willful violations entitle Plaintiffs to their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action to be determined by the court, plus interest.

## FOURTH CAUSE OF ACTION
### (NJWL – Unpaid Overtime)

58. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

59. Defendants intentionally and willfully failed to pay and refused to pay Plaintiffs overtime wages in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 et seq., the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-5.1, throughout their employment.

60. Defendants' willful violations entitle Plaintiffs to the recovery of their unpaid overtime, liquidated damages, reasonable attorneys' fees and costs of the action to be determined by the court, plus interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court GRANT the following relief:

A. Finding that Defendants willfully violated the applicable provisions of the FLSA and NJWL by failing to pay minimum wage and overtime to Plaintiffs;

B. Awarding Plaintiffs unpaid minimum wage and overtime pursuant to the FLSA;

C. Awarding Plaintiffs unpaid minimum wage and overtime pursuant to the applicable New Jersey State wage and hour laws;

D. An award of liquidated damages;

E. An award of costs and expenses of this action together with reasonable attorneys' fees;

F. An award of prejudgment and post-judgment interest;

G. Such other relief as this Court deems just and proper.

Dated: June 14, 2021
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiffs*